IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| v. | |
| | NO. 23-343 |
| BRIAN DARDEN | |

**M E M O R A N D U M**

HODGE, J.                                                                                                       April 3, 2024

**I.      INTRODUCTION**

Defendant Brian Darden ("Darden") was indicted and charged with one count of possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §922(g)(1) ("Count One") and one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count Two"). Darden has moved to dismiss Count One of the Indictment relying on *Range v. Attorney General United States*, 69 F.4th 96 (3d Cir. 2023). Darden contends that § 922(g)(1) is unconstitutional, both on its face and as applied to him. Additionally, Darden asserts that § 922(g)(1) is either unconstitutionally vague or an improper exercise of Congress's Commerce Clause power. The government opposes Darden's motion on the basis that Darden's prior convictions demonstrate he poses a danger to others and is therefore subject to firearm regulations consistent with our nation's history and tradition. This Court agrees and finds that the government's historical record reflects "centuries of Anglo-American history demonstrat[ing] that legislatures [have] repeatedly exercised their discretion to impose status-based restrictions disarming [those] who were presumed, based on past conduct, unwilling to obey the law." *Range*, 69 F.4th at 128

1

(Krause, J., dissenting). The Court therefore denies Darden's motion to dismiss Count One of the Indictment.

## II. BACKGROUND

Based on his previous drug- and firearm-related convictions, Darden is among those categorically disarmed under § 922(g)(1). In 2015, Darden was convicted of PWID and Conspiracy, for which he was sentenced to 5 years of probation. (ECF No. 15 at 3; ECF No. 14 at 1.) Two years later, in 2017, Darden violated his probation and was convicted again of PWID. (*Id.*) After Darden was released on probation, he was again arrested in 2021 for PWID, and this time was also charged with possessing a firearm as a previously convicted felon. (ECF No. 15 at 3.) While awaiting trial on those charges, Darden was again arrested for PWID. (*Id.*) Thereafter, in November 2022, Darden pled guilty to both the 2017 and 2021 PWID charges and received a sentence of 11.5 to 23 months of incarceration with immediate parole, plus five (5) years of probation. (*Id.*)

## III. DISCUSSION

Our Nation has a tradition of "disarming those persons who legislatures believe would, if armed, pose a threat to the orderly functioning of society." *Range v. Attorney General*, 69 F.4th 96, 101 (Ambro, J., concurring). The Supreme Court has noted this tradition, repeatedly emphasizing that only "ordinary, law-abiding citizens" enjoy the protection of the Second Amendment when keeping or bearing firearms. *New York State Pistol & Rifle Ass'n, Inc. v. Bruen*, 597 U.S. 1, 8 (2022) (citing *District of Columbia v. Heller*, 554 U.S. 570, 630 (2008)). In *Heller*, the Court made clear that, "nothing in [its] opinion should be taken to cast out any longstanding prohibitions on the possession of firearms by felons." *Heller*, 554 U.S. at 626. In *Bruen*, Justice Alito, concurring, emphasized that the holding did not "disturb[] anything [the Court] said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns." *Bruen*, 597 U.S. at 72 (Alito, J., concurring); *see also Id.*, at 80 (Kavanaugh, J., concurring, joined by Roberts, C.J.)

("[p]roperly understood, the Second Amendment allows a 'variety' of gun regulations[,]" including the "longstanding prohibition[] on the possession of firearms by felons.").

In *Range*, the Third Circuit Court of Appeals sitting *en banc* held that, under *Bruen*, the government may not constitutionally deprive a law-abiding citizen of his Second Amendment rights unless that deprivation is consistent with the history and tradition of our Nation. *Range*, 69 F.4th at 101. In *Range*, the Third Circuit applied the historical framework analysis in the case of an individual who had, many years prior, been convicted of fraud arising from misrepresentations made on a food stamp application, and ultimately held that the government failed to show a historical tradition supporting the disarmament of "people like Range." *Range*, 69 F.4th at 106.

Indeed, the Third Circuit explained its holding in *Range* was "a narrow one." *Range*, 69 F.4th at 106. And as Judge Ambro noted in his concurrence, relying on *Heller* and *Bruen*, the restriction preventing felons from possessing firearms "remains 'presumptively lawful.'" *Id.*, at 109-110 (quoting *Bruen*, 597 U.S. at 80-81 (Kavanaugh, J., concurring)). In other words, the *Range* decision "did not purport to vitiate § 922(g)(1) or limit Congress' ability to disarm those 'who pose a threat to the orderly functioning of society.'" *United States v. Blackshear*, 2023 WL 5985284 (E.D. Pa. Sept. 14, 2023) (citing *Range*, 69 F.4th at 110 (Ambro, J., concurring).

Regardless, the government still has the burden to overcome the presumption that the defendant's conduct is protected. It "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 597 U.S. at 19; *Range*, 69 F.4th at 103. In thoughtful and well-reasoned decisions, judicial colleagues in this district have repeatedly found that the ban on possession of firearms by a person previously

convicted of crimes is constitutional.[1] This Court therefore joins them in holding that § 922(g) does not violate the Second Amendment. Accordingly, the Court rejects Darden's facial challenge.

In analyzing claims that § 922(g) is unconstitutional, our colleagues applied the historical framework for assessing the constitutionality of a firearm regulation established in *Bruen*. By the mid-19th century, states had adopted statutes that required individuals "threatening to do harm" to "post bond before carrying weapons in public." *Bruen*, 142 S.Ct. at 2148. We have a history and tradition in this nation of "disarming those persons who legislatures believe would, if armed, pose a threat to the orderly functioning of society." *Range*, 69 F.4th at 110 (Ambro, J., concurring).

Here, Darden has multiple prior convictions, including four convictions for possession (of controlled substances) with intent to distribute ("PWID") and repeated violations of his probationary terms. (ECF No. 15 at 3; ECF No. 14 at 1.) Darden's arrest for the present offense occurred while he was on probation for three different PWID convictions. (ECF No. 15 at 2.) This conduct

---

[1] *See, e.g., United States v. Perkins,* No. CR 23-66, 2023 WL 7329503, at *3 (E.D. Pa. Nov. 7, 2023) (Pratter, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for robbery); *United States v. Johnson,* No. 23-77, 2023 WL 6321767, at *3 (E.D. Pa. Sept. 27, 2023) (Pappert, J.)( denying as-applied challenge to § 922(g)(1) by defendant with multiple felony drug and firearm convictions) (citing *Smith v. United States*, 508 U.S. 223, 240 (1993)); Order, Sept. 7, 2023, *United States v. Dominque Butler,* No. 23-cr-233, ECF No. 21 (Kenney, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for robbery, conspiracy to commit robbery, and possession of a controlled substance with intent to deliver); *United States v. Ames*, No. 23- 178, 2023 WL 5538073 (E.D. Pa. Aug. 28, 2023) (Kenney, J.) (denying as-applied challenge to section 922(g)(1) by defendant with felony robbery and aggravated assault offenses based "presumptively lawful" longstanding felon dispossession statutes) (citing *Heller*, 554 U.S. at 626-27 n. 26); *United States v. Brown,* No. CR 20-260-1, 2023 WL 424260, at *4 (E.D. Pa. Jan. 26, 2023) (Rufe, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for burglary, possession of narcotics with intent to deliver, and possession of a firearm without a license); *United States v. Ahmad Williams*, 2024 WL 69141, at *3 (E.D. Pa. Jan. 5, 2024) (Savage, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for aggravated assault, receiving stolen property, conspiracy, and firearm violations); *United States v. Jenkins*, 2023 WL 6534200, at *9 (E.D. Pa. Oct. 6, 2023) (Beetlestone, J.) (rejecting as-applied and facial challenge to § 922(g)(1) by defendant with convictions for drug trafficking, who could not show that his intended "conduct was covered by the Second Amendment.").

demonstrates that the defendant poses a danger. Darden is not like Range. He is not a law-abiding citizen protected by the Second Amendment. Thus, the Court holds that the government has met its burden to show that § 922(g) as applied to the defendant is constitutional.

Darden advances two additional arguments in support of his motion. First, he asserts that § 922(g)(1) is unconstitutionally vague, and second, he asserts that § 922(g)(1) is an improper exercise of Congressional Commerce Clause power. The Court will analyze these issues in turn.

First, a criminal statute is only impermissibly vague where it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). That *Range* provided a "narrow" pathway for an individual with a qualifying conviction to restore his gun rights, however, cannot call into question the clarity of § 922(g)(1). Plainly, the statute makes it "unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…to…possess…any firearm…or to receive any firearm[.]" 18 U.S.C. § 922(g)(1). The Court is satisfied that individuals subject to § 922(g)(1) restrictions have "fair notice of what is prohibited" upon receiving their qualifying convictions. *Williams*, 553 U.S. at 304.

Finally, Darden asserts that § 922(g)(1) is unconstitutional under the Commerce Clause. However, Darden concedes, (ECF No. 14 at 3), that this argument is foreclosed by binding precedent in this Circuit. *See United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001). As such, this argument is rejected. The Defendant's motion is therefore denied. An appropriate Order follows.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
**HODGE, KELLEY B., J.**